IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CAPITAL CASE

DEREK SALES                                                          PETITIONER

v.                              5:15-CV-00248-BSM

DEXTER PAYNE, Director,
Arkansas Division of Correction                                      RESPONDENT

**ORDER**

Derek Sales's motion to alter or amend the judgment [Doc. No. 131] is denied because Sales has failed to establish that the judgment [Doc. 130] suffers from a manifest error of law or fact. *Perez v. Does 1–10,* 931 F.3d 641, 646–47 (8th Cir. 2019). Sales's motion for leave to amend the *habeas* petition [Doc. No. 137] is denied. Consequently, his motion to hold proceedings in abeyance pending exhaustion of state court remedies [Doc. No. 138] is denied as moot. Finally, Sales's supplemental request for a stay [Doc. No. 147] is denied.

I. Motion to Alter or Amend Judgment

Sales's motion to alter or amend the judgment is denied because he has failed to show that the judgment resulted from a manifest error of law or fact.

Sales challenges the denial of his request for a deferred ruling on *habeas* relief, s*ee* Mot. Alter Am. J. at 1, Doc. 131, arguing that a deferred ruling was necessary for new counsel to become familiar with the case and to take appropriate steps. *Id.* Sales's argument is denied because it is not supported by the record.

The Federal Public Defender's Capital Habeas Unit for the Eastern District of Arkansas (Arkansas CHU) was appointed to represent Sales in *habeas corpus* review of his conviction and sentence on April 18, 2013. *In re Sales,* No. 4:13-mc-6-DPM, *Doc. 2* (E.D. Ark. Apr. 18, 2013). Joshua R. Lee and Julie Pitt Vandiver of the Arkansas CHU filed a petition for writ of *habeas corpus* on July 30, 2015. *See* Pet. Writ Habeas Corpus, Doc. No. 1. With assistance from other Arkansas CHU lawyers, Vandiver continued to represent Sales for more than nine years, until July 6, 2022.[1] Doc. No. 100. During the nine years that Vandiver represented Sales, all *habeas* briefing was completed. On April 28, 2023, John Charles Williams of the Arkansas CHU entered an appearance and filed supplemental post-*Shinn* briefing for Sales. Doc. Nos. 115, 119. Williams's representation terminated in November of 2023, and Eliza Meredith of the Arkansas CHU entered an appearance. Doc. Nos. 120, 122. Six months later, Andrew Childers, Assistant Public Defender at the Federal Community Defender Office (FCDO) for the Eastern District of Pennsylvania, entered an appearance as co-counsel to assist the Arkansas CHU in representing Sales. Doc. Nos. 123, 125, 126.

In May of 2024, Childers and Meredith sought a deferred ruling on the *habeas* petition to give them 180 days to "learn the case file, establish a relationship with [Sales], and prepare themselves for whatever subsequent litigation this Court's orders may require." Mot. Defer

---

[1] Lee's representation was terminated on February 24, 2016. Doc. No. 14. Jason Phillip Kearney of the Arkansas CHU entered his appearance on April 5, 2018. Doc. No. 52. Nadezhda V. Wood of the Arkansas CHU entered her appearance on November 26, 2019. Doc. No. 68. Kearney's representation was terminated on May 10, 2022. Doc. No. 95. Gene Allen Franco, III entered his appearance on May 27, 2022. Doc. No. 96. Representation by Wood and Franco was terminated on April 28, 2023. Doc. No. 118.

Ruling Outstanding Matters at 3, Doc. No. 127.  The lawyers also argued that they needed more time to prepare for an anticipated evidentiary hearing based on the already-filed post-*Shinn* briefing.  *Id.* at 5.  When the motion for a deferred ruling was filed, the case was already ripe for a final order.  Moreover, the record does not show that additional briefing was warranted.  Consequently, no error was committed in denying the motion for deferred ruling.  *See* Order at 93, Doc. No. 129.

Sales also contends the determination that review of the procedurally defaulted claims is limited to the state court record is an error.  But he makes no convincing argument for record expansion.  Judicial notice was taken of Sales's *pro se* petition for rehearing and request for new counsel filed in the Arkansas Supreme Court.  These papers were considered during *habeas* review.  Order at 10–11, 14, Doc. No. 129; *see Sales v. State*, No. CR-10-53 (June 5, 2013).  A transcript prepared after trial of Sales's video-recorded custodial interview heard by the jury is not part of the state court record and would not have assisted in reviewing any claims or procedural defenses.  Sales did not overcome the evidentiary restriction in 28 U.S.C. section 2254(e)(2) based on attorney abandonment.  Order at 11–14, Doc. No. 129; *see Maples v. Thomas,* 565 U.S. 266, 281–283 (2012); *Holland v. Florida,* 560 U.S. 631, 659–60 (2010) (Alito, J., concurring).  Sales did not demonstrate that an inadequate state corrective process prevented him from raising meritorious claims or developing the state court record.  Order at 14–16.

Sales also argues that he overcame the section 2254(e)(2) evidentiary restriction based on diligence in developing the state court record.  He contends that he was diligent in seeking

3

new counsel because the Arkansas Supreme Court has recalled the post-conviction mandate after finding a breakdown in the appellate process. Sales mostly relies on *Lee v. State*, 238 S.W.3d 52 (Ark. 2006) and *Collins v. State*, 231 S.W.3d 717 (Ark. 2006). This argument is not convincing. The Arkansas Supreme Court has recognized that circumstances warranting a recall of the mandate "occur in extremely limited circumstances." *Ward v. State,* 539 S.W.3d 546, 549 (Ark. 2018). And, Sales failed to develop ineffectiveness claims related to childhood trauma under section 2254(e)(2) when he was not diligent "at the relevant stages" of the post-conviction proceeding. *Williams v. Taylor,* 529 U.S. 420, 435 (2000). He did not seek a new Rule 37 lawyer until after the Arkansas Supreme Court remanded the case for a written order with respect to the two ineffectiveness claims raised on appeal and unrelated to childhood trauma. Order at 14, Doc. No. 129. There is no error of law or fact in the determination that record expansion is barred. *Id*. at 7–17.

      Sales also seeks to amend the judgment based on the determination that, under a *Martinez-Trevino* analysis, procedural default of the ineffectiveness claim challenging the trial lawyers' jury *voir dire* work is not excused. *Id.* at 30–31. He continues to argue the trial lawyers' performance fell below the constitutional standard when they did not object to the dismissal of two potential jurors—Morgan and Harding—based on their death penalty views. Both potential jurors, however, stated that they probably could not sign a death verdict. Trial Record, Vol. 6 at 713–714, 720. Based on record review, the trial lawyers' decision not to object to the potential jurors' for-cause dismissal—based on a determination that their death penalty views would "substantially impair the performance of [their] duties as a juror"—was

4

not constitutionally deficient. *Wainright v. Witt,* 469 U.S. 412, 414 (1985). Because the ineffectiveness claim is not substantial, procedural default is not excused. *Martinez v. Ryan,* 577 U.S. 1, 14 (2012). No error is found on this point.

Sales asks this court to revisit whether trial counsel's work was constitutionally deficient when counsel stated during the guilt-phase opening statement that Sales escaped from jail while awaiting trial. No error is found for the reasons provided in the order. Order at 32–37, Doc. 129. Sales also argues that error was committed when it was determined that no due process violation was committed when the prosecution failed to disclose evidence. No error was committed for the reasons provided in the order. *Id.* at 65–68.

Sales asserts that he was denied a fair trial due to a prejudicial atmosphere and due to the related ineffectiveness claim, and he asserts error was committed when these procedurally defaulted claims were denied. No error was committed in limiting review of the procedurally defaulted claims to the state court record based on 28 U.S.C. section 2254(e)(2). Sales specifically challenges the alternative merits finding that he was not denied a fair trial based on the presence of law enforcement in the courtroom and the *Martinez-Trevino* analysis of the related procedurally defaulted ineffectiveness claim. No error was committed for the for the reasons stated in the order. Order at 70–73, Doc. No. 129.

Sales next challenges the denial of the intellectual disability claim and a related evidentiary hearing. He argues that he could not have raised an *Atkins* claim in state court because he is a person with significantly sub-average intellectual functioning under current diagnostic standards that did not exist at the time of his trial and post-conviction proceedings.

5

It was determined that an evidentiary hearing was barred by 28 U.S.C. section 2254(e)(2), Order at 6–10, Doc. No. 91, and the claim was procedurally defaulted. Further, the law that Sales relies on is not controlling. Order at 47–48, Doc. No. 129; *Moore v. Texas,* 581 U.S. 1, 20–21 (2017). In *Moore,* the United States Supreme Court vacated the Texas appellate criminal court's application of outdated intellectual disability guidelines and held the state *habeas* court correctly considered the intellectual disability claim under current medical standards. *Moore,* 581 U.S. at 20–21. Unlike the *Moore* petitioner, Sales raised the intellectual disability claim for the first time on federal *habeas* review. He has cited no convincing authority or argument that evolving diagnostic standards is a basis for excusing procedural default or for clearing the evidentiary restriction in 28 U.S.C. section 2255(e)(2). *See In re Payne,* 722 Fed. Appx. 534, 538 (6th Cir. 2018) (citations omitted) ("Federal courts have repeatedly concluded that *Hall* and *Moore* merely created new procedural requirements that do not amount to 'watershed rules of criminal procedure'" with retroactive effect.); *see also Williams v. Kelley,* 858 F.3d 464, 474 (8th Cir. 2017) (*Moore*); *Goodwin v. Steele,* 814 F.3d 901, 904 (8th Cir. 2017) (*Hall*). An evidentiary hearing on actual innocence based on intellectual disability was not warranted either. Consequently no error was committed.

Sales seeks to amend the judgment based on the findings related to the avoid-arrest aggravator submitted to the jury. For the reasons stated in the order, no error is found. Order at 57–59, Doc. No. 129.

Sales also challenges the determination that, under a *Martinez-Trevino* analysis, procedural default of the ineffectiveness claim challenging the trial lawyers' penalty phase

6

work is not excused. For the reasons stated in the order, no error is found on this point. *Id*. at 52–57. Moreover, no error is found in limiting review of the procedurally defaulted claim to the state court record based on 28 U.S.C. section 2254(e)(2).

Sales raises error based on the alternative merits finding that victim impact evidence fell within constitutional bounds. He also challenges the determination that, under a *Martinez-Trevino* analysis, procedural default of the related ineffectiveness claim is not excused. For the reasons stated in the order, no error is found on this point. Order at 73–75, Doc. No. 129.

## II. Motion for Leave to Amend the Habeas Petition

Sales's motion to file a third amended *habeas* petition under Rule 15 of the Federal Rules of Civil Procedure is denied. Doc. No. 137. In support of his motion, Sales contends justice requires leave to amend because his *habeas* lawyers have discovered new evidence and claims since judgment was entered. *Id*. Sales asserts that, because his motion to amend the judgment suspends the finality of the judgment, "there is no final judgment to prevent this Court from considering [his] instant motion to amend" the petition. *Id*. at 6.

Sales correctly recognizes that a Rule 59(e) motion to amend the judgment "suspends the finality of the original judgment for the purposes of an appeal." *Banister v. Davis,* 590 U.S. 504, 508 (2020). Sales, however, cites no authority supporting his argument that the Rule 59(e) motion suspends and reopens his case to permit filing a third amended petition. The Eighth Circuit, moreover, has repeatedly held that "[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal." *In re*

*SuperValu, Inc.,* 925 F.3d 955, 961 (8th Cir. 2019) (quotations omitted). Leave to file a post-judgment third amended petition may be granted only if the amendment "is consistent with the stringent standards governing the grant of Rule 59(e) or 60(b) relief." *Id.* (quotations omitted). "[T]he original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)." *Id.; see generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1489 (3d ed. 2019) (collection of cases). Sales's Rule 59(e) motion does not seek to alter or amend the judgment on the same grounds raised in the motion to amend the petition. For the reasons outlined above, Sales's motion to amend the judgment under Rule 59(e) is denied.

In his reply brief, Sales alternatively contends that leave to file a third amended petition should be granted because the new evidence and claims raised in the motion for leave to amend the petition and proposed third amended petition are grounds for relief from judgment under Rule 60(b). Reply Supp. Mot. Leave Am. Pet. Habeas Corpus Under 28 U.S.C § 2254 at 5–6, Doc. No. 145 (Reply). Sales filed the motion seeking leave to amend the petition with the proposed third amended petition more than three months after judgment was entered, on November 12, 2024. Doc. Nos. 137, Ex. 1. Because the new evidence and claims were raised outside the window for filing a Rule 59(e) motion, Sales correctly asserts that relief from judgment could be considered only under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); s*ee also Demahy v. Schwarz Pharma., Inc.,* 702 F.3d 177, 192 n.2 (5th Cir. 2012) ("If the motion [asking the court to reconsider a prior ruling] was filed within

8

twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60."). Sales, however, must first clear the hurdle of presenting a "defect in the integrity of the federal habeas proceeding" instead of advancing a claim for relief. *Gonzales v. Crosby,* 545 U.S. 524, 532 (2005). A claim, as used in section 2244(b), is "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzales,* 545 U.S. at 530.

Sales states that the discovery of new evidence—the trial investigator's declaration that the trial lawyer used racial slurs when referring to individuals involved in the case—would warrant reopening the case under Rule 60(b)(2) or (b)(6). Reply at 5. Sales also seems to argue that there has been a change in the law since judgment was entered; however, *Shinn v. Ramirez,* 596 U.S. 366 (2022) was controlling precedent when the order denying *habeas* relief was entered. Doc. 129. He also states that new evidence supporting other procedurally defaulted claims is grounds for relief under Rule 60(b)(1). But Sales is seeking to raise new claims or amend previously raised claims within the meaning of *Gonzales*. In the motion for leave to amend the petition, Sales seeks to file a new claim that, because of the trial counsel's racial animus, he was constructively denied counsel, a conflict of interested existed, and that he was denied effective assistance of counsel. Doc. Nos. 137 at 8, 137, Ex. 1 at 65–83. He also seeks to raise a new claim based on new evidence that he was exposed to alcohol *in utero.* Doc. Nos. 137 at 8, Doc. 137, Ex. 1 at 83–90. He seeks to offer expanded evidence of procedural defenses and amend previously raised claims with new evidence. *Id.*, Ex. 1 at 8–65.

9

The motion seeking leave to file a third amended petition cannot satisfy Rule 60(b) because Sales is advancing claims for relief. Leave to file an amended petition, therefore, cannot be granted. Instead, Sales must seek preauthorization from the Circuit to file a second or successive *habeas* petition. 28 U.S.C. § 2244(b)(3)(A). Because Sales's motion to amend the *habeas* petition is denied, the motion to hold proceedings in abeyance pending exhaustion of state court remedies is denied as moot.

### III. Motion for Stay

In supplemental briefing, Sales requests a stay pending the outcome of the United States Supreme Court's decision in *Rivers v. Lumpkin,* No. 23-1345 (U.S. Dec. 6, 2024). Supplemental Mot. Stay, Doc. 147. The question presented is whether, and under what circumstances, a proposed amendment to a federal habeas petition made post-judgment would be a second or successive petition, and thus subject to 28 U.S.C. section 2244(b)(2). Petition For A Writ Of Certiorari at 2, *Rivers v. Lumpkin,* No. 23-1345 (June 24, 2024). In light of existing circuit precedent, Sales's supplemental request for a stay is denied. *In re SuperValu, Inc.,* 925 F.3d at 961.

So ordered this 31st day of March, 2025.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE