**\*\*THIS IS A CAPITAL CASE\*\***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**DEREK SALES**                                                                 **PETITIONER**

**v.**                          **Case No. 5:15-cv-248-BSM**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                              **RESPONDENT**


### NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Derek Sales respectfully provides the Court with *United States v. Gordon*, 151 F.4th 1090 (9th Cir. 2025) and *Walker v. Fitch*, No. 1:97-CV-29-KS, 2025 WL 2735609 (S.D. Miss. Sept. 25, 2025) as supplemental authority in support of his Motion for Certificate of Appealability and supporting brief. Doc Nos. 153, 154. This new authority supplements Mr. Sales's argument that this Court should grant a COA on the denial of his motion to amend his habeas petition. *See* Doc No. 154, at 47-59; Doc No. 161, at 20-28.

      1.     In *United States v. Gordon*, 151 F.4th 1090, 1104-06 (9th Cir. 2025), the Ninth Circuit granted a COA and addressed the question of whether a motion to amend a federal habeas petition filed while a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) is pending constitutes an unauthorized second or successive petition. The Court held that such a motion is not second or successive under *Banister v. Davis*, 590 U.S. 504 (2020). *Id.* at 1105

("*Banister*'s language focusing on the unity of the Rule 59(e) motion and the § 2255 motion, and the suspension of the judgment's finality on the latter until the former is resolved, strongly support Gordon's argument that the district court's decision on the first § 2255 motion was pending when Gordon filed his second-in-time motion."). The Ninth Circuit explicitly recognized that *Banister*'s holding and rationale was reiterated in *Rivers v. Guerrero*, 605 U.S. 443, 453-54 (2025). *Id.* Ultimately, the Ninth Circuit found that "under *Banister*, the finality of the district court's original denial of his § 2255 motion was suspended while it considered his Rule 59(e) motion, allowing Gordon to file an additional habeas claim which the district court could consider as a motion to amend the first habeas motion." *Id.* at 1106.

2.      In *Walker v. Fitch*, No. 1:97-CV-29-KS, 2025 WL 2735609 (S.D. Miss. Sept. 25, 2025), the Southern District of Mississippi similarly found that a post-dismissal motion to amend a habeas petition was not second or successive. Like the Ninth Circuit, the court recognized the exception created by *Banister* and distinguished the Supreme Court's holding in *Rivers* from the situation present in *Walker*—and in Mr. Sales's case—in which finality of the judgment has been suspended by a Rule 59(e) motion and jurisdiction is still in the district court given that notice of appeal has not been filed. *Id.* at *3-6.

Therefore, given that multiple reasonable jurists have now disagreed with this Court's resolution of the issue in materially indistinguishable cases, this authority supports Mr. Sales's argument that a COA should be granted.

Respectfully submitted,

/s/Andrew Childers
Andrew Childers
Pa. Bar No. 322201
Assistant Federal Public Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Ste. 545 West
Philadelphia, PA 19106
(215) 928-0520
Andrew_Childers@fd.org

Eliza Meredith
NC Bar No. 58788
Assistant Federal Public Defender
Federal Public Defender Office
Eastern District of Arkansas
Capital Habeas Unit
1401 W. Capitol Ave. Ste. 490
Little Rock, AR 72201
(501) 324.6114
Eliza_Meredith@fd.org